UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 12-10196-GAO-7

UNITED STATES OF AMERICA

v.

JOSEPH BRENNAN,
Defendant.

OPINION AND ORDER
November 26, 2013

O'TOOLE, D.J.

The twelve defendants in this case are charged with involvement in a marijuana distribution ring. Defendant Joseph Brennan is charged with conspiracy to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and maintaining a place for drug purposes, in violation of 21 U.S.C. § 856(a)(2). The indictment charges Brennan with allowing co-defendants Phillip Asaro and Phillip R. Consolo to use his warehouse in Woburn to store marijuana. Magistrate Judge Dein issued an arrest warrant for Brennan on May 23, 2012.

The defendant has moved to suppress brief statements he made at the time of his arrest on two grounds: first, he had not been given his Miranda warnings, and second, his statements were privileged as marital communications.

After an evidentiary hearing, I find the following facts: Early on the morning of May 24, 2012, six law enforcement officers went to Brennan's condominium home in Boston to arrest him pursuant to the warrant. When they knocked on the unit's door, Brennan's wife opened the door and let the officers in. A state trooper entered the bedroom, where Brennan had just gotten out of bed, and notified him that he had a warrant for his arrest. The trooper told Brennan the

arrest had to do with Phillip Asaro and Phillip Consolo and their use of Brennan's warehouse in Woburn. Brennan asked to speak to his wife for a moment. In the presence of the police, Brennan said the following to his wife: "This has to do with the guys asking me to do them a favor. It's about pot. Just call Kevin Reddington."

  A.  <u>Miranda Rights</u>

When he made the statements to his wife, Brennan had not been given <u>Miranda</u> warnings by the arresting officers. While he was in custody at the time, he did not make the statements in response to direct interrogation by the police.

<u>Miranda</u> safeguards "come into play whenever a person in custody is subjected to either express questioning or its functional equivalent." <u>Rhode Island v. Innis</u>, 446 U.S. 291, 300-01 (1980). Conduct by law enforcement is the "functional equivalent" to express questioning where the officers should know that such conduct is "reasonably likely to elicit an incriminating response from the suspect." <u>Id.</u> at 301. According to Brennan, the officers' entering his home at around 6 a.m. while he was not fully dressed was "inherently coercive" and required <u>Miranda</u> warnings. <u>New York v. Quarles</u>, 467 U.S. 649, 654 (1984).

The evidence does not support a finding of inherent coercion. I find that Brennan voluntarily made the statements in order to calm his wife, who was understandably upset and concerned at what was happening. While the execution of the arrest warrant was coercive in the sense that his liberty was restrained, it did not coerce the statements. The <u>Miranda</u> rule is not a reason to suppress the statements.

  B.  <u>Marital Communications Privilege</u>

Brennan further argues that his statements to his wife should be suppressed because they are privileged marital communications under the federal common law of privilege.

2

When Brennan made the statements, he was in the bedroom along with his wife and two or three officers. It was a "normal sized" bedroom, so everyone was within a few feet of each other. Brennan spoke in a normal tone of voice, not a whisper or lowered tone. Under these circumstances, it had to be plain to him that not only his wife but the officers would hear his words. The mere fact that the statements were addressed to his wife is not sufficient by itself to make them "confidential communications." The marital privilege only protects confidential communications that are made in "a reasonably confidential place to talk." United States v. Dunbar, 553 F.3d 48, 57 (1st Cir. 2009). The marital privilege does not apply to these statements.

For the foregoing reasons, Brennan's Motion (dkt. no. 182) to Suppress Statements is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge